UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **KIM-NGOC NGUYEN,**<br><br>    Plaintiff,<br><br>    v.<br><br>**CARLOS DEL TORO, in his official capacity,** Secretary, U.S. Department of the Navy,<br><br>    Defendant. | Case No. 23-cv-2022 (APM) |

## MEMORANDUM OPINION

### I.   INTRODUCTION

Plaintiff Kim-Ngoc Nguyen, an employee of the United States Department of the Navy, brings this Title VII action against Defendant Secretary of the Navy Carlos Del Toro in his official capacity. She alleges that her employer's decisions to revoke her security clearance and suspend her indefinitely without pay were made in retaliation for her history of discrimination complaints and created a hostile work environment. Defendant moves to dismiss for lack of subject matter jurisdiction and failure to state a claim. For the reasons that follow, the court grants Defendant's motion for failure to state a claim.

### II.  BACKGROUND

From 2015 until 2022, Plaintiff worked for Naval Sea Systems Command ("NAVSEA") as a General Engineer—a national security-sensitive position that required her to "obtain and maintain" a security clearance. Compl., ECF No. 1 [hereinafter Compl.], ¶ 8; *id.*, Ex. F, ECF No. 1-1 [hereinafter May 2022 Notice], at 28.[1]  Plaintiff filed three EEO complaints against her

---

[1] References to exhibits are to the CM/ECF page number.

employer during this period. Compl. ¶ 10. In the first of them, filed in May 2018, she alleged that her colleagues discriminated against her based on her "race, national origin, age, and sex" and subsequently "retaliat[ed] against her for engaging in protected activity." *Id.* In later EEO filings, Plaintiff claimed that her employer was hacking into her personal electronic devices, recording her conversations on Microsoft Teams, preventing her from communicating with her support network, and stealing hard copies of files related to her EEO cases. *Id.*, Ex. B, ECF No. 1-1 [hereinafter Mar. 2022 Notice], at 4–7.

In June 2021, Jeremy McKimmy, Plaintiff's first-line supervisor and Deputy Director of Aircraft Carrier Design and Systems Engineering, relayed Plaintiff's allegations to John Segura, NAVSEA's Director of Security, out of a concern that Plaintiff could no longer be trusted with access to classified information. Compl. ¶¶ 13–14. Segura did not believe that McKimmy's concerns warranted revoking Plaintiff's security clearance at that time. *Id.* ¶ 16. Six months later Segura changed course. *Id.*, Ex. A, ECF No. 1-1 [hereinafter Jan. 2022 Notice]. According to Plaintiff, an agency Attorney Advisor, Jennifer Anthony, "notified Mr. Segura and the security office of the allegations from Ms. Nguyen's EEO-related pleading[s][.]" Compl. ¶ 17. On January 13, 2022, Segura notified Plaintiff that, "in the interest of national security, [NAVSEA] Command [was] . . . suspend[ing] [her] physical access to [NAVSEA] facilities." Jan. 2022 Notice.

On March 17, 2022, Segura took an additional step. He advised Plaintiff that NAVSEA Command also intended to "suspend [her] access to classified information and assignment to a sensitive position." Mar. 2022 Notice at 4. He explained that this decision was "a result of reported paranoid ideations and documented declarations of paranoid ideations" that cast doubt on her "judgment, reliability, and capacity to protect classified information." *Id.* at 4, 6. Because of her inability to continue working as a General Engineer without access to NAVSEA facilities or

2

classified information, McKimmy placed Plaintiff on administrative leave the same day. Compl., Ex. C, ECF No. 1-1, at 9–11.

In response, Plaintiff emailed Segura a psychological assessment, which consisted of a bipolar and mood disorder screening, as well as a patient health questionnaire that she filled out herself. Compl., Ex. D, ECF No. 1-1, at 13–19. NAVSEA Command concluded that Plaintiff's psychological assessment was not adequate to address their specific concerns. Compl., Ex. E, ECF No. 1-1, at 23.

On April 22, 2022, Segura notified Plaintiff of his decision to "suspend [her] access to classified information and assignment to a sensitive position" in the interest of national security. *Id.* at 21. As a result, Plaintiff was no longer able to meet the necessary conditions of her employment. Def.'s Mot. to Dismiss Compl., ECF No. 7 [hereinafter Def.'s Mot.], at 3. On May 12, 2022, McKimmy notified Plaintiff of his proposal that NAVSEA indefinitely suspend her from her position as a General Engineer. May 2022 Notice at 27–33. NAVSEA indefinitely suspended Plaintiff without pay on August 12, 2022. Compl., Ex. I, ECF No. 1-1, at 82. The reason given for her suspension was that she "fail[ed] to meet a condition of employment, i.e., maintaining access to classified information and assignment to sensitive position." *Id.* Plaintiff formally requested EEO counseling on September 21, 2022, alleging that the sequence of events culminating in NAVSEA's decision to indefinitely suspend her employment constituted unlawful discrimination, harassment, and retaliation. Compl. ¶ 32.

Plaintiff filed suit on July 14, 2023. Defendant now moves to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) or, in the alternative, for failure to state a claim pursuant to Rule 12(b)(6). Def.'s Mot. at 1. Defendant argues that the national security determinations underlying Plaintiff's claims are non-justiciable and, even if her claims were

reviewable, she failed to exhaust her administrative remedies. *Id.* at 6, 10. Defendant further argues that the conduct on which Plaintiff rests her hostile work environment claim does not rise to the level of severity or pervasiveness that would entitle her to relief. *Id.* at 11–13.

### III. LEGAL STANDARD

Before turning to the merits, the court considers a threshold matter: whether Defendant's motion should be analyzed under Rule 12(b)(1) or 12(b)(6). Motions to dismiss based on the non-justiciability of national security determinations are not jurisdictional and therefore such motions arise under Rule 12(b)(6). *See Oryszak v. Sullivan*, 576 F.3d 522, 525 (D.C. Cir. 2009); *Clark v. Johnson*, 206 F. Supp. 3d 645, 652 (D.D.C. 2016); *Ames v. Johnson*, 121 F. Supp. 3d 126, 129 (D.D.C. 2015). Likewise, "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). Accordingly, the court considers Defendant's motion only under Rule 12(b)(6). And, for that reason, declines to consider the exhibits attached to Plaintiff's opposition, Pl.'s Opp'n to Def.'s Mot., ECF No. 9 [hereinafter Pl.'s Opp'n], Exs., ECF No. 9-2. *See EEOC v. St. Francis Xavier Parochial School*, 117 F.3d 621, 624 (D.C. Cir. 1997) (explaining that, under Rule 12(b)(6), a court "may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [it] may take judicial notice").

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). If the plaintiff can only proffer "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," then the court must grant the defendant's motion to dismiss. *Twombly*, 550 U.S. at 555.

4

In evaluating the merits of a Rule 12(b)(6) motion, the court must construe any factual allegations in the complaint in the plaintiff's favor, granting the plaintiff "the benefit of all inferences that can be derived from the facts alleged." *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (internal quotation marks omitted). Though the complaint need not include more detail than "a short and plain statement of the claim" demonstrating that the plaintiff is "entitled to relief," Fed. R. Civ. P. 8(a)(2), the court also need not credit mere conclusory statements or "unadorned, the-defendant-unlawfully-harmed me accusation[s]." *Iqbal*, 556 U.S. at 678.

IV.   **DISCUSSION**

  A.   **Retaliation for Engaging in Protected Activity**

The court starts with Plaintiff's retaliation claim. Defendant argues that NAVSEA Command's decisions to suspend Plaintiff's access to NAVSEA facilities and classified information before dismissing her from her position involved national security determinations that are unreviewable under *Department of Navy v. Egan*, 484 U.S. 518 (1988). Def.'s Mot. at 6. The court agrees.

In *Egan*, the Supreme Court held that the Merit Systems Protection Board, as "an outside nonexpert body," lacked authority to "review the substance" of the Navy's decision to revoke the plaintiff-employee's access to classified information. 484 U.S. at 529. "For 'reasons . . . too obvious to call for enlarged discussion,'" the Court explained, "the protection of classified information must be committed to the broad discretion of the agency responsible, and this must include broad discretion to determine who may have access to it." *Id.* (quoting *CIA v. Sims*, 471 U.S. 159, 170 (1985)).

5

In the Title VII context, the D.C. Circuit has held that a challenge to an adverse employment action that was based on the denial or revocation of a security clearance presents a non-justiciable question. *See, e.g.*, *Bennett v. Chertoff*, 425 F.3d 999, 1003 (D.C. Cir. 2005); *Ryan v. Reno*, 168 F.3d 520, 523–24 (D.C. Cir 1999). In *Ryan v. Reno*, the court held "that under *Egan* an adverse employment action based on denial or revocation of a security clearance is not actionable under Title VII." 168 F.3d at 524. The court extended that logic in *Bennett v. Chertoff*, where the plaintiff was terminated because of her "unsuitability" for an investigator position, after the agency found she had not met its standards for a security clearance. 425 F.3d at 1001, 1003. The court held her claim could not proceed because it would require a trier of fact to examine the basis for her firing, which *Egan* does not permit. *Id.* at 1003.

The same outcome is required here. Plaintiff identifies Segura as one of the officials that retaliated against her. Compl. ¶ 37. Segura—a NAVSEA employee with expertise in matters of national security—made the decision to suspend Plaintiff's access to NAVSEA facilities and classified information. *See generally* Mar. 2022 Notice.[2] In suggesting that Segura's decision was motivated not by security concerns, but by retaliatory animus for her history of EEO complaints, Plaintiff contests "the validity of the [Defendant's] security determination." *Bennett*, 425 at 1003. The finder of fact would have to evaluate whether Defendant had a legitimate, nondiscriminatory reason for its adverse employment actions—specifically, whether Plaintiff's "paranoid ideations" truly cast doubt on her ability to handle classified information in confidence. Neither the court nor a jury could do so without substituting their predictive judgment for that of the NAVSEA Security Division, which is precisely what *Egan* and its progeny say is not permitted. *See Egan*, 484 U.S.

---

[2] Plaintiff seems to contend that *Egan* does not apply because other, non-experts participated in the decision to suspend her security clearance. Pl.'s Opp'n at 7. But that assertion relies on material outside the Complaint, *see id.* (citing single page of McKimmy EEO affidavit), so the court does not consider it.

6

at 529; *Bennett*, 425 at 1003; *Foote v. Chu*, 928 F. Supp. 2d 96, 100–01 (D.D.C. 2013) (recognizing that permitting the plaintiff's claim to proceed would require the "fact finder to have to substitute its judgment for the predictive judgment of the psychologist responsible for evaluating whether or not the Plaintiff posted a security threat . . .").

Plaintiff argues that, because there were "fraudulent and discriminatory referral[s]" that preceded Segura's decision, her case falls under the exception to *Egan* identified in *Rattigan v. Holder*, 689 F.3d 764 (D.C. Cir. 2012). Pl.'s Opp'n at 3–4. In that case, the plaintiff alleged that his colleagues' actions, in knowingly reporting false information about him to security officials, "amounted to unlawful retaliation for [his] pursuit of discrimination claims." *Rattigan*, 689 F.3d at 765–66. The Circuit held that *Egan*'s preclusion principles did not apply to the plaintiff's false reporting claim, because "*Egan* emphasized that the decision to grant or deny security clearance requires a '[p]redictive judgment' that 'must be made by those with the necessary expertise in protecting classified information.'" *Id.* at 767 (quoting *Egan*, 484 U.S. at 529). Thus, Title VII claims involving security clearance determinations are justiciable "if [the plaintiff] can show that agency employees," who, lacking the appropriate expertise, "acted with retaliatory or discriminatory motive in reporting . . . information that they knew to be false." *Rattigan*, 689 F.3d at 771.

Here, Plaintiff does not plead facts that plausibly implicate the *Rattigan* exception. Plaintiff identifies two officials who purportedly made knowingly false statements on which Segura based his decision: her supervisor, McKimmy, and agency counsel, Anthony. Pl.'s Opp'n at 9. But the complaint nowhere identifies what knowingly false information either of them supplied to Segura and, in McKimmy's case, does not allege his information led to any adverse action. Plaintiff says that McKimmy twice conveyed "concerns" about Plaintiff having "paranoid

7

ideations." Compl. ¶¶ 39–40.  But she does not allege how those "concerns" were knowingly false and, in any event, she alleges that Segura took *no action* based on McKimmy's reports.  *See id.*  As for Anthony, Plaintiff alleges only that she disclosed to Segura "the allegations from [her] EEO-related pleading[s]," *id.* ¶ 17, and provided nondescript "advice and counsel to Mr. Segura," *id.* ¶ 42.  Those allegations do not identify any false statement at all.

In her opposition brief, Plaintiff attempts to bolster her *Rattigan* theory with information from the EEOC's report of investigation.  Pl.'s Opp'n at 8–10.  Plaintiff cannot, however, supplement her factual allegations through her opposition.  *See Singh v. Dist. of Columbia*, 55 F. Supp. 3d 55, 70 (D.D.C. 2014) (stating that "a party may not amend [their] complaint through an opposition brief") (citing *McManus v. Dist. of Columbia*, 530 F. Supp. 2d 46, 74 n.25 (D.D.C. 2007)); *see also Coleman v. Pension Benefit Guar. Corp.*, 94 F. Supp. 2d 18, 24 n.8 (D.D.C. 2000).

Accordingly, the court finds that Plaintiff has failed to state a Title VII retaliation claim.

### B.    Hostile Work Environment

Plaintiff's retaliatory hostile work environment claim rests largely on the same alleged acts that the court has found do not, individually or taken together, state a substantive retaliation claim.  Compl. ¶ 50(iii) (refused to accept evidence of her mental state), 50(iv) (interfered with access to resources), 50(v) (denied access to work on site), 50(vi) (suspended access to classified information), 50(vii) (placed on leave without pay for a year).  Her retaliatory hostile work environment claim fails for the same reasons.

And, to the extent Plaintiff alleges that she was subject to hostile treatment beyond the specific adverse actions that cannot be reviewed under *Egan*, those allegations are entirely conclusory.  *See, e.g., id.* ¶ 50(i) (alleging others "routinely attempted to report her for security violations that did not rise to the level of security concerns"), 50(vii) (alleging that she was treated

"like she was crazy and psychologically unfit to work for Defendant"); *Iqbal*, 556 U.S. at 681 (finding that "the conclusory nature of [a claimant's] allegations . . . disentitles them to the presumption of truth").

Therefore, the court dismisses Plaintiff's retaliatory hostile work environment claim.

## V.  CONCLUSION

For the foregoing reasons, the court grants Defendant's Motion to Dismiss, ECF No. 7. A final, appealable order accompanies this Memorandum Opinion.

Dated: August 2, 2024

Amit P. Mehta
United States District Court Judge